Houck, J.
This is a proceeding in quo warranto and is brought under favor of Section 12307, General Code, which provides.:
*366 “A person claiming to be entitled to a public office unlawfully held and exercised by another, by himself or an attorney at law, upon giving security for costs, may bring an action therefor.”
This being a proceeding against a person, and a civil action, may be brought in the name of the state, as provided in Section 12303, General Code, “Against a person who usurps, intrudes into, or unlawfully holds or exercises, a public office, civil or military; or a franchise, within this state, or an office in a corporation created by the authority of this state. ’ ’
The relator avers in his amended petition that on the fourth day of November, 1919, at a general election held in the county of Tuscarawas, in the state of Ohio, and in the village of Zoar, in the county and state aforesaid, he and the defendant were the only candidates for mayor of the village; that he received the highest number of votes for the office, and was duly elected thereto for a term of two years from the first day of January, 1920; that on December 30, 1919, he duly qualified by giving bond and taking oath as such officer, in the usual form for such oaths, and presented his said official bond and oath to Levi Bimeler, defendant herein, the mayor of the village of Zoar, Ohio, but that defendant refused to examine such bond for approval or rejection, and refused to administer the oath of office to the relator, which relator had already subscribed and tendered to defendant with the bond, and that defendant has usurped and unlawfully holds and exercises such office of mayor, to the exclusion of relator and his rights in and to the office, under a claim that he is entitled to hold over his term in such office for the reason that relator failed *367 to file a statement of receipts and expenditures, as required in an act “To Prevent Corrupt Practices at Elections,” as contained in Section 5175-2, General Code.
Relator prays for a judgment of ouster against the defendant, and that lie may be adjudged to be the mayor of the village of Zoar, Ohio.
The answer discloses two defenses:
(a) That relator failed to qualify as such mayor of Zoar, Ohio, by taking the oath of office and giving bond, as required by law.
(b) That relator by his failure to file a statement of his receipts and expenditures did not comply with the “Corrupt Practices Act,” as provided in Section 5175-2, General Code.
The reply denies each.and every allegation contained-in the answer, except such parts of same as are admissions of fact set forth in the amended petition.
Upon these pleadings and the evidence the cause was submitted to this court. The undisputed evidence establishes the following facts:
1. That on or about the 30th day of December, 1919, the relator presented to the defendant his bond, in the sum of one hundred dollars, being the required amount, and signed by himself and the proper number of sureties, with the oath duly signed by him. on the back thereof, and requested the defendant to accept and approve the bond, and administer the oath of office to him as mayor of the village of Zoar, Ohio, which defendant refused to do. That relator made no further effort to have the oath of office administered to him and did not at any time present his bond to the village council of Zoar, Ohio, for approval or disapproval.
*368 2. That on the 12th day of Januaryj 1920, he filed a statement of his receipts and expenditures with the board of deputy state supervisors of elections, of Tuscarawas county, Ohio.
Under the faets, and the law applicable thereto, how stand the issues in the instant case, as between the relator and the defendant?
We have given this ease much time and attention, and in doing so have examined all the Ohio statutory law relating to the questions raised in this proceeding, also all the adjudicated cases cited by counsel in their briefs, as well as many others obtained by our personal research.
The legal rights of the parties to this controversy are purely statutory, and must be determined by a proper application of those legislative enactments to what we find are the conceded facts now.before us.
Section 4666, General Code, provides:
“Each officer of the corporation, or of any department or board thereof, whether elected or appointed * * * before entering upon his official duties shall take an oath to support the constitution of the United States,” etc.
Under the facts it will be conceded that relator never took the oath of office as mayor of Zoar. It is not sufficient, in law, that a réquest was made of mayor Bimeler to administer the oath. Any person authorized by law to administer an oath could have done so in the present case. It was not limited to the mayor of Zoar. And by the failure of the relator to take the oath of office, as required by statute, he is bound to suffer' the consequences of his neglect to do so.
Section 4667, General Code, provides for the approval of official bonds, as follows:
*369 “The official bonds of all municipal officers shall be prepared by the solicitor. Except as otherwise provided in this title, they shall be in such sum as the council prescribes, by general or special ordinance and be subject to the approval of the mayor, except that the mayor’s bond shall be approved by the council, or, if it'is not legally organized, by the clerk of the court of common pleas of the county in which the corporation or the larger part thereof is situated.”
Under the conceded facts, no bond was ever presented by the relator to the village council of Zoar for approval or disapproval.
It follows that there was a clear failure on the part of the relator to comply with the requirements of the statute as to the approval of his bond, as mayor, by the council of the village. It was the duty of the relator herein to present his bond to the village council for its approval, and, not having done so, he failed to bring himself within the provisions of the statute.
One elected to an office, who does not take the oath thereof and give bond, as required of such officer, as provided by law, loses his right to such office.
This is not a court-made rule, but is the law by statutory provision, as found in Section 7, General Code of Ohio, which provides:
“A person elected or appointed to an office who is required by law to give a bond or security previous to the performance of the duties imposed on him by his office, who refuses or neglects to give such bond or furnish such security, within the time arid in the manner prescribed by law, and in all respects to qualify himself for the performance of such duties, shall be deemed to have refused to ac *370 eept the office to which he was elected or appointed, and such office shall be considered vacant and be filled as provided by law.”
When this enactment of our legislature is applied to the undisputed facts in the case at bar, we are bound to find against the claims of and relief sought by the relator. A successor to the defendant was elected in the person of the relator, but he never qualified by taking the oath of office and giving bond, as required by law; and not having done so, defendant, by virtue of statutory law, continues in office until such time as his successor shall be duly qualified to succeed him, as provided, in Section 8, General Code, as follows:
“A person holding an office of public trust shall continue therein until his successor is elected or appointed and qualified, unless otherwise provided in the constitution or laws.”
This proceeding in quo ivarranto is for the purpose of determining the question of the mayorship of the village of Zoar, and to determine whether or not the relator or the defendant is entitled to hold the office and exercise its functions.
The prayer of the petition is that defendant be ousted, and that the relator be adjudged to be mayor of the village of Zoar, and that an order be entered by this court placing him in possession of such office.
This relief cannot be granted unless the proof warrants it, and the burden being upon the relator we are free to say that he has not sustained his claim by that degree of proof required in law. The undisputed facts lead to but one conclusion, and that is that a judgment must be entered for the defendant.
*371 Measuring the facts in the present case hy the rule of law laid down in the case of State, ex rel. Heer, v. Butterfield, 92 Ohio St., 428, first paragraph of the syllabus, the result is decisive in favor of the defendant. That syllabus reads:
“In order that a private relator may be entitled to maintain an action in quo warranto under Section 12307, General Code, to recover a public office, he must show not only that he is entitled to the office, but also that it is unlawfully held and exercised by the defendant in the action.”
Having disposed of the issues herein raised-adverse to the claims of the relator, upon the first question raised by the defendant, and feeling that it is decisive of the case, we do not deem it necessary to pass upon the second defense, to-wit, that no statement of receipts and expenditures had been filed by relator.
The judgment to be entered in -this case is the result of the unanimous finding of the members of the court.
Judgment for the defendant. The petition of the relator is dismissed at his costs.

Petition dismissed, and judgment for defendant.

Shields and Patterson, JJ., concur.